THE HON. EDWARD F. SHEA

John M. Silk, WSBA# 15035
Alfred E. Donohue, WSBA# 32774
Wilson Smith Cochran Dickerson
1215 Fourth Avenue, Suite 1700
Seattle, WA 98161
(206)623-4100 telephone
(206)623-9273 facsimile
Attorneys for Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| DAVID M. ASKER and MONA L. ASKER, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>SAFECO INSURANCE COMPANY OF ILLINOIS,<br><br>Defendant. | No. CV-08-335-EFS<br><br>PROTECTIVE ORDER RE CONFIDENTIALITY |
|---|---|

The parties to this action recognize that in the course of initial disclosures and discovery, documents and information concerning trade secrets, confidential and proprietary commercial matters, and private and confidential information about the parties as well as non-parties may be sought. If made public, such information would cause professional or personal harm to the parties or non-parties. . Such documents and information to be provided or exchanged by the

PROTECTIVE ORDER RE
CONFIDENTIALITY [C08-335EFS] – 1

jh/AED1379.009/374124

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100  FAX: (206) 623-9273

parties or non-parties and other discovery (including oral depositions) may contain or refer to such information, or material that may be confidential and / or competitively sensitive. Fed. R. Civ. P. 26(c) provides, under certain circumstances, for the issuance of protective orders limiting the disclosure of commercial, confidential, or private information. In order that the parties may obtain information in this case relevant to the claim or defense of any party, it is necessary to make such documents and information available to counsel of record and others while protecting each party against unnecessary disclosure of proprietary and confidential information. The purposes of this Protective Order include the prevention of unnecessary disclosure of such information and documents, while insuring that the parties can obtain and pursue discovery with a minimum of delay and expense.

As stipulated by the parties, the Court finds as follows:

**I. Good Cause Findings**

The parties recognize that in the course of discovery proceedings it may be necessary to disclose to the other parties asserted confidential and proprietary information, but each party wishes to ensure that such information shall not be used for any purpose other than this action, and shall not be disseminated by any other party, except as stated in this order. In addition, the parties contemplate

PROTECTIVE ORDER RE
CONFIDENTIALITY [C08-335EFS] – 2

jh/AED1379.009/374124

that confidential information may be produced by non-parties. The parties therefore seek to facilitate the production and protection of such information. Documents that are to be protected under this Stipulated Protective Order contain confidential information including employee records, business information, personal and/or commercial information, and financial information that is valuable in the parties' respective businesses and private and personal to non-parties. For example, access to certain commercial documents, financial records, and business agreements may provide plaintiff's competitors with an unfair advantage in competition. Whereas access to personal information of non-parties may cause said non-parties unnecessary public, professional or governmental scrutiny. In this case, the "good cause" for keeping these documents confidential includes the need to preserve the parties' current and/or future competitive advantage and the need to protect the parties and non-parties from undue annoyance, embarrassment or oppression. If third parties gained access to the confidential information, the parties' business could suffer specific prejudice or harm because their competitive advantage would be lost or the parties and non-parties could be subjected to annoyance, embarrassment or oppression. This finding of prejudice is made for the purpose of complying with *Foltz v. State Farm Mutual Automobile Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003).

PROTECTIVE ORDER RE
CONFIDENTIALITY [C08-335EFS] – 3

jh/AED1379.009/374124

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100  FAX: (206) 623-9273

Pursuant to Fed. R. Civ. P. 26(c), and good cause existing as reflected above, the Court ORDERS that the following procedures shall be used in this action for the protection of the parties against the improper disclosure or use of confidential information produced in discovery or filed with the Court:

## II. Order

### A.   Definitions

(a)   The "Action" or "Litigation" shall mean and refer to the above-entitled action.

(b)   "Information" shall mean all written, recorded, electronic, or graphic matter whatsoever, whether produced in response to discovery request or to non-party subpoena, and whatever the medium on which it is produced or reproduced, including but not limited to deposition transcripts and exhibits, and any portions of any court papers that quote from or summarize any of the foregoing. "Information" shall also include all such matters disclosed in deposition testimony, answers to interrogatories and/or responses to requests for admission or any other disclosure of information.

(c)   "Confidential Information" shall mean Information of a competitively or commercially sensitive, proprietary, financial, or trade secret nature, or involving or implicating privacy interests, generally treated as

PROTECTIVE ORDER RE
CONFIDENTIALITY [C08-335EFS] – 4

jh/AED1379.009/374124

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100  FAX: (206) 623-9273

*confidential by the courts. By way of example, specific categories of Confidential Information may include non-public customer information, non-public arrangements and agreements with clients and merchants, unreleased corporate and financial data, research and development materials concerning unreleased products or services, plans for products, performance data for products, current or future business plans, forecasts and strategies, trade secrets and information regarding current discussions with third parties concerning potential joint ventures or other strategic collaborations, and commercial arrangements for the distributions of rights and products.*

(d)  *"Party" or "parties" shall mean and refer to any party in the above-entitled Action, including all of such party's officers, directors, employees, consultants, retained experts, inside and outside counsel, and support staff.*

(e)  *"Producing Party" shall mean any party or non-party producing or providing Information pursuant to discovery request, subpoena, or other mutually agreeable exchange of informal discovery in this Action that is designated Confidential Information under the terms of this Order. For purposes of this Order, a Producing Party includes a party designating material*

PROTECTIVE ORDER RE
CONFIDENTIALITY [C08-335EFS] – 5

jh/AED1379.009/374124

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

*containing Confidential Information that is in the possession of a third party (also called Designating Party).*

(f) *"Receiving Party" shall mean any party receiving Information pursuant to discovery request, subpoena or other mutually agreeable exchange of informal discovery in this Action that is designated Confidential Information under the terms of this Order.*

(g). "Non-parties" shall mean any individual whose name or other identifying information appears in any information (as defined in & (b) above) who is not a named party in this action (as defined in & (a) above).

(h) The term "Trade Secret" as used in this Protective Order shall mean a document or information not in the public domain that contain information which is proprietary or competitively sensitive whose disclosure could cause competitive injury.

**B.  Restrictions on Confidential Information**

1. All documents produced and all information obtained through discovery or otherwise in the Litigation designated as "Confidential" (as provided below) shall be used by the Qualified Persons (as defined below in paragraph 6) receiving it only for the purposes of preparing for and conducting the Litigation and for no other purpose.

PROTECTIVE ORDER RE
CONFIDENTIALITY [C08-335EFS] – 6

jh/AED1379.009/374124

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100  FAX: (206) 623-9273

2.   In connection with discovery proceedings, including any informal discovery provided through the cooperation of the parties, relating to the Litigation, any party may designate any document, material or information as "Confidential" under the terms of this Stipulation and Order if such party in good faith believes that such document, material or information constitutes or reveals confidential commercial or other proprietary business information which requires the protection provided in this Stipulation and Order.

A party inspecting or reviewing produced Information may designate Information produced by another party, or by a non-party as Confidential by furnishing a separate written notice to counsel for the Producing Party prior to or at the time of its production, or within thirty days from receipt of copies of such Information, indicating the appropriate level of designation. Until expiration of the thirty-day period, such Information will be treated as Confidential and subject to protection against disclosure under this Order; however, if an Inspecting Party fails to designate Information produced as Confidential within such thirty-day period, it shall not be treated as Confidential pursuant to the terms of this Order.

PROTECTIVE ORDER RE
CONFIDENTIALITY [C08-335EFS] – 7

jh/AED1379.009/374124

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

When making original documents available for inspection (as opposed to producing copies), no marking need be made by the Producing Party in advance of the inspection as all documents will be treated as Confidential.

3. Any documents, information, or other tangible material designated as "Confidential" shall be so designated by stamping the same with the legend "Confidential" or similar legend at the time of their production.

4. Any interrogatory response designated as "Confidential" shall be so designated by stamping the same with the legend "Confidential" or a similar legend at the time of the response.

5. Any deposition or other testimony may be designated as "Confidential" by indicating on the record that the testimony is "Confidential" and subject to the provisions of this Order. Alternatively, the attorneys for a party need not designate specific testimony as "Confidential" during the course of the deposition but may request that the entire contents of the deposition shall be designated "Confidential" and subject to the provisions of this Order. The attorney designating an entire deposition as "Confidential" shall have 30 days from the receipt of a copy of the official transcript to designate those portions of the testimony deemed "Confidential" and inform opposing counsel of such designations. The portions of the testimony so designated shall be subject to the

PROTECTIVE ORDER RE
CONFIDENTIALITY [C08-335EFS] – 8

jh/AED1379.009/374124

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100  FAX: (206) 623-9273

provisions of this Order. Failure to so designate shall remove the entire deposition from the provisions of this Order.

6. Documents, information, or material, including portions of deposition transcripts, and interrogatory responses designated as "Confidential" or information derived therefrom may only be disclosed or made available to "Qualified Persons," who consist exclusively of:

    a. The Court (in the manner provided by paragraph 8 hereof);

    b. Outside counsel to the parties who have entered appearances in this action and attorneys, clerical, paralegal and secretarial staffs employed by such counsel, including outside copy services and litigation support companies;

    c. Court reporters employed in connection with the Litigation;

    d. Attorney employees of the parties and their clerical, paralegal and secretarial staffs.

7. When any Confidential information is included in any documents filed with the Court, such documents shall be marked in words that in substance state:

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER IN DAVID ASKER AND MONA ASKER v. SAFECO INSURANCE COMPANY OF ILLINOIS CIVIL ACTION No. CV-08-335-EFS (U.S.D.C. EASTERN DISTRICT OF WASHINGTON).

PROTECTIVE ORDER RE
CONFIDENTIALITY [C08-335EFS] – 9

jh/AED1379.009/374124

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100  FAX: (206) 623-9273

Such documents shall be filed under temporary seal using the electronic filing system and shall reference a motion pursuant to LR 5(g)(2) seeking the permanent sealing of such documents, which shall list by bates number the particular documents covered. The filing party shall file a motion to seal on the same day as the filing of Confidential information. The Producing Party, if different from the filing party, may file a response in support of the motion to seal. If the court grants the motion and orders that such documents be filed under seal, any pleadings or other paper filed with this Court that contains such documents shall remain under seal using the electronic filing system.

If, through inadvertence or otherwise, Confidential Information is filed with the Court without the appropriate notice, the party responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of counsel for all parties and to the Court, without prejudice to other rights and remedies of any party, and shall make every effort to prevent further disclosure.

8.  Inadvertent failure to designate any information pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within thirty (30) days of the discovery of the inadvertent failure. At such time, arrangements shall be made

PROTECTIVE ORDER RE
CONFIDENTIALITY [C08-335EFS] – 10

jh/AED1379.009/374124

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

for return of all copies of the inadvertently misdesignated documents to the Designating Party and for the submission, where appropriate, of properly labeled copies.

9.  At the conclusion of the Litigation, all documents, material or other information designated as "Confidential," all copies of the same and (except as provided herein with respect to documents reflecting attorney work-product) all documents reflecting same shall be promptly returned by the receiving party to the producing party or, after consultation with and approval by opposing counsel, destroyed by the receiving party.  In the event that it is agreed that the materials may be destroyed, the receiving party shall provide the opposing party with a signed statement attesting to the destruction of the documents.

10. Nothing herein shall preclude a party from exhibiting, during depositions, hearing or trial proceedings, in connection with briefs or other papers filed with the Court, any documents, exhibits, answers to interrogatories, material (including portions of deposition transcripts) or other information designated as "Confidential".  However, if use is to be made of such materials or information at trial, during a hearing or deposition or in a brief, that portion of the brief, or the trial, hearing or deposition transcript wherein such use is made

PROTECTIVE ORDER RE
CONFIDENTIALITY [C08-335EFS] – 11

jh/AED1379.009/374124

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100  FAX: (206) 623-9273

shall be maintained confidential and retained under seal, unless the parties waive this provision in writing or in open court as to any part or all of such material.

11. If the attorneys of record in this action for any receiving party object to the designation of any information, documents or materials as "Confidential" those attorneys shall so notify the attorneys for the producing party in writing (the "Notice"). The Notice shall identify the document, information or other material so objected to and shall (a) state that the receiving party objects to the designation of such document, information or materials as "Confidential"; (b) set forth the reasons for such objection; and (c) name the particular person to whom disclosure is sought to be made. If the producing party objects to the proposed disclosure within five business days after receipt of the written notice, the receiving party may seek a hearing with respect to the propriety of the designation and the producing party will cooperate in obtaining a prompt hearing with respect thereto. Until the Court rules on the receiving party's application, the documents and information in question shall not be disclosed by the receiving party to the person specified in the Notice.

12. In addition to the provisions of paragraph 6 above, "Confidential" material or information may be disclosed or made available to a consultant or expert retained solely for the Litigation by the receiving party proposing to make

PROTECTIVE ORDER RE
CONFIDENTIALITY [C08-335EFS] – 12

jh/AED1379.009/374124

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100  FAX: (206) 623-9273

such disclosure; provided that such consultant or expert is not (a) advising any business competitor of the producing party, or (b) advising the receiving party seeking to make such disclosure with respect to any of the parties hereto, other than solely in connection with the Litigation; and further provided that such consultant or expert execute the form appended hereto as Exhibit A thereby agreeing in writing to be bound by the terms and conditions of this Stipulation and Order and agreeing not to disclose or use such material or information for purposes other than the Litigation. It is further agreed that such disclosure shall only be made if written notice of the name, address, employment history, clients, education and published works of such consultant or expert is given to the party producing the material and such party does not object thereto within seven business days after receipt of such written notice (which objection must be made in good faith).

13.   Any person other than those designated in paragraph 6 to whom confidential documents, information or other materials are disclosed or shown shall be given a copy of this Stipulated Protective Order and shall acknowledge in writing by executing the Agreement to be Bound set forth in Exhibit A hereto, that he or she had read, understands and agrees to be bound by the terms and conditions of this Stipulation and Order and will not disclose such information,

PROTECTIVE ORDER RE
CONFIDENTIALITY [C08-335EFS] – 13

jh/AED1379.009/374124

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

1  documents or materials except in accordance with the terms of this Stipulation
2  and Order.
3       14.   If information subject to a claim of attorney-client privilege or
4
5  work product immunity is inadvertently or mistakenly produced, such
6  production shall in no way prejudice or otherwise constitute a waiver of, or
7  estoppel as to, any claim of privilege or work-product immunity for such
8  information.  If a party has inadvertently or mistakenly produced information
9
10 subject to a claim of immunity or privilege, upon request the information for
11 which a claim of inadvertent production is made shall be returned within three
12 (3) days of such request.  Moreover, any notes or summaries referring or relating
13 to any such inadvertently or mistakenly produced information subject to a claim
14 of immunity or privilege shall be destroyed.  In the event that any such
15 information is an inadvertently or mistakenly produced document, all copies of
16 that document, and any notes or summaries relating thereto, that may have been
17 made shall be destroyed to the extent practicable.
18
19      15.   Required Disclosure. If Confidential Information in the possession,
20 custody or control of a Receiving Party is sought by subpoena, request for
21 production of documents, interrogatory, or any other form of discovery request
22 or compulsive process, including any form of discovery request or compulsive
23

PROTECTIVE ORDER RE
CONFIDENTIALITY [C08-335EFS] – 14

jh/AED1379.009/374124

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

process of any court, administrative or legislative body, or any other person or tribunal purporting to have authority to seek such information by compulsory process or discovery request, including private parties, the Receiving Party to whom the process or discovery request is directed shall: (i) by the fifth business day after receipt thereof, or the earliest practicable date thereafter, give written notice of such process or discovery request, together with a copy thereof, to counsel for the Producing and/or Designating Party, and (ii) not make production or disclosure of such confidential information earlier than the fifth business day notice to such party, so as to permit the Producing Party an opportunity to obtain appropriate judicial relief. The Producing Party seeking to protect the Confidential Information from disclosure shall bear all the burdens and expenses of obtaining appropriate judicial relief.

16. **Unauthorized Disclosure.** If Confidential Information is disclosed to any person or entity other than in the manner authorized by this Order, the person responsible for the disclosure shall immediately: (1) notify in writing the Producing Party of the disclosure and all pertinent facts relating to such disclosures; (2) use its best efforts to retrieve all copies of the Confidential Information; (3) request that the person(s) or entity(ies) to whom the disclosure was made execute the Undertaking as described in Section 7 supra; and (4)

PROTECTIVE ORDER RE
CONFIDENTIALITY [C08-335EFS] – 15

jh/AED1379.009/374124

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

without prejudice to other rights and remedies of any party, shall make every effort to prevent further disclosure.

17. This Order shall remain in force and effect until modified, superseded, or terminated by the Court or by agreement of the parties with the approval of the Court. All obligations and duties arising under this Order shall survive the termination of this Action and this Order shall be incorporated by reference into any final order, final decree, or final award entered by the Court. This Court retains jurisdiction over the parties respecting any dispute regarding the improper use of information disclosed under protection of this Order.

18. Nothing in this Order shall limit any party in the use of its own documents, things, or information for any purpose or from disclosing its own Confidential Information to any person. Nothing in this Order shall prevent the Producing Party from consenting in writing to the use or disclosure of its own Confidential Information by the Receiving Party.

STIPULATION ACCEPTED AND ORDER GRANTED this 24th day of August, 2009.

s/ Edward F. Shea
_____
Honorable Edward F. Shea
United States District Judge

PROTECTIVE ORDER RE
CONFIDENTIALITY [C08-335EFS] – 16

jh/AED1379.009/374124

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

# EXHIBIT A

THE HON. EDWARD F. SHEA

John M. Silk, WSBA# 15035
Alfred E. Donohue, WSBA# 32774
Wilson Smith Cochran Dickerson
1215 Fourth Avenue, Suite 1700
Seattle, WA 98161
(206)623-4100 telephone
(206)623-9273 facsimile
Attorneys for Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID M. ASKER and MONA L. ASKER, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>SAFECO INSURANCE COMPANY OF ILLINOIS,<br><br>Defendant. | No. CV-08-335-EFS<br><br>AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER |

EXHIBIT A

**AGREEMENT TO BE BOUND**
**BY STIPULATED PROTECTIVE ORDER**

I acknowledge that I, _____ (Name), of

_____ (Place and Position of

Employment), am about to receive Confidential Information supplied by

_____ (party). I certify that I understand that such

AGREEMENT TO BE BOUND BY
STIPULATED PROTECTIVE ORDER [C08-335EFS] – 1
jh/AED1379.009/375199

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

20

Confidential Information will be provided to me pursuant to the terms and restrictions of the PROTECTIVE ORDER of _____, 2009, in David M. Asker and Mona L. Asker v. Safeco Insurance Company of Illinois cause no. CV-08-335- EFS in the U.S. District Court for the Eastern District of Washington. I further represent that I have received a copy of and have read and understand that PROTECTIVE ORDER and that I agree to comply with and to be bound by all of its applicable terms. I also understand that documents and/or information having any confidential designation, and all copies, summaries, notes and other records that may be made regarding such documents and/or information, shall be disclosed to no one other than persons qualified under the PROTECTIVE ORDER to have access to such information. I further understand that the Confidential Information provided to me shall be returned to counsel who provided the information to me, in accordance with the PROTECTIVE ORDER.

I understand and acknowledge that violation of this Undertaking or the PROTECTIVE ORDER may be punishable by Contempt of Court and that I am and remain subject to the jurisdiction of U.S. District Court for the Western District of Washington for the purpose of enforcing the terms of the PROTECTIVE ORDER.

AGREEMENT TO BE BOUND BY
STIPULATED PROTECTIVE ORDER [C08-335EFS] – 2
jh/AED1379.009/375199

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

| | |
|---|---|
| 1 | |
| 2 | Dated: _____ |
| 3 | |
| 4 | _____ |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |

AGREEMENT TO BE BOUND BY
STIPULATED PROTECTIVE ORDER [C08-335EFS] – 3
jh/AED1379.009/375199

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100  FAX: (206) 623-9273

22